IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Gregory Gimbrone, :

       Plaintiff, : Case No. 2:12-cv-251

  v. : JUDGE GREGORY L. FROST
                                             Magistrate Judge Kemp
Dr. Krisher, et al., :

       Defendants. :

## OPINION AND ORDER

    This matter is before the Court to consider a motion to supplement the amended complaint (Doc. #42), a motion for an extension of time (Doc. #50), and a motion for a teleconference (Doc. #56) filed by plaintiff Gregory Gimbrone, and a motion to stay (Doc. #60) and a motion to strike (Doc. #59) filed by defendants Dr. Gary Krisher, the Ohio Department of Rehabilitation and Correction, Ms. Beth Higginbotham, and Mr. Corby Free (collectively "defendants"). For the reasons set forth below, the motions will be denied.

## I. Background

    Plaintiff, Gregory Gimbrone, is a prisoner who resides at the Chillicothe Correctional Institution. On March 22, 2012, Mr. Gimbrone filed the instant action under 42 U.S.C. §1983, alleging that defendants improperly denied him the use of a cane beginning in 2010. (Doc. #2). More specifically, Mr. Gimbrone alleged that he suffers from foot problems as a result of the partial amputation of his right foot when he was fourteen (although the foot was subsequently reattached), and that he used a cane on a fairly consistent basis from 1999, when he was first incarcerated, until 2010. Id. at 3. Mr. Gimbrone sought restoration of the cane, as well as substantial monetary damages for the time he has spent without it. Id. at 5.

On April 27, 2012, defendants moved to dismiss the complaint, citing a variety of grounds for dismissal, including the Eleventh Amendment, qualified and state-law immunity, and the failure to plead facts sufficient to state a viable Eighth Amendment claim.  (Doc. #11).  Rather than responding directly to the motion to dismiss, Mr. Gimbrone asked the Court for leave to amend his complaint.  (Doc. #13).  The Court granted the motion (Doc. #17), and Mr. Gimbrone filed his amended complaint on June 11, 2012 (Doc. #19).

On October 24, 2012, Mr. Gimbrone filed a motion to supplement the amended complaint.  (Doc. #42).  Defendants did not file a response to the motion.  Thereafter, Mr. Gimbrone filed a motion for extension of time (Doc. #50) and a motion for a teleconference (Doc. #56).  Defendants oppose the motion for extension of time (Doc. #52) and filed a motion to strike the motion for a teleconference (Doc. #59).  Finally, defendants filed a motion to stay (Doc. #60).

## II. Discussion

The Court will first consider the motion to stay, followed by consideration of the motion to supplement the amended complaint.  The Court will next consider the motion for a teleconference and the motion to strike together.  Finally, the Court will consider the motion for an extension of time.

### A. Motion to Stay

On January 30, 2013, defendants filed a motion to stay the remaining dates in the scheduling order until the Court rules on defendants' pending motion to dismiss.  (Doc. #60).  Because there is no pending motion to dismiss, defendants' motion will be denied.

On May 25, 2012, this Court issued an order granting Mr. Gimbrone leave to file an amended complaint.  (Doc. #17).  With respect to the motion to dismiss the original complaint, the

Court stated that any determination as to the continued vitality of the motion would be deferred until Mr. Gimbrone filed his amended complaint and defendants moved or plead in response to the amended complaint.  Id. at 6.  In the motion to stay, defendants state "[s]ince that point, [the motion to dismiss] has not been revisited."  Id. at 2.  In the motion to stay, defendants request that the Court rule on the motion to dismiss.  Id.

As noted above, subsequent to the filing of the motion to dismiss, Mr. Gimbrone filed an amended complaint.  Consequently, the amended complaint superseded the original complaint, rendering the motion to dismiss moot.  See Parry v. Mohawk Motors of Mich., Inc., 236 F.3d 299, 306 (6th Cir. 2000)(noting that an amended complaint supercedes the original complaint as the "legally operative complaint").  Here, defendants did not attempt to renew their motion to dismiss or file a new motion to dismiss in response to the amended complaint; rather, defendants filed an answer to the amended complaint.  Under F. R. Civ. P. 12(b), a motion to dismiss "must be made before pleading if a responsive pleading is allowed."  By filing the answer instead of renewing its motion to dismiss or filing a new motion to dismiss based on the amended complaint, defendants lost the ability to file such a motion based upon the defenses in Rule 12(b).  See, e.g., BAC Home Loans Servicing LP v. Fall Oaks Farm LLC, 848 F. Supp. 2d 818, 822-23 (S.D. Ohio 2012) (denying a motion to dismiss as untimely filed based on the fact that it was filed contrary to "the prohibition that a motion to dismiss must be made before a responsive pleading is allowed") (internal quotations omitted).

To the extent that defendants seem to suggest that the Court's May 25, 2012 Order preserved the motion to dismiss, this argument is without merit.  This Court stated that the continued vitality of the motion was deferred until defendants moved or

-3-

plead in response to the amended complaint.  Thus, it was defendants' actions that determined whether the motion would remain before the Court.  Defendants had the opportunity to renew the motion to dismiss or file a new motion to dismiss based on the amended complaint.  Instead, defendants opted to file an answer.  In doing so, they allowed the motion to dismiss the original complaint to remain moot, and it is not before the Court for consideration.  Defendants are left to make their arguments, if they so chose, using a post-answer mechanism that complies with the federal rules.  See id. at 823.  Because there is no motion to dismiss pending before the Court, the motion to stay the proceedings pending resolution of such a motion is denied.  (Doc. #60).

B. Motion to Supplement the Amended Complaint

The Court now turns to Mr. Gimbrone's motion to supplement the amended complaint.  (Doc. #42).  Defendants have not filed a response to the motion.  F. R. Civ. P. 15(d) provides that, "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."  In deciding whether to permit a plaintiff to supplement the complaint, the Court must "take into account the history of the litigation, including the history of discovery, the parties' efforts to prepare, implement, and adhere to a case schedule, and the likely impact that such . . . supplements have on the existing schedule."  U.S. v. American Elec. Power Service, Corp., No. 02-99-1182, 2004 WL 2049263, at *1 (S.D. Ohio Sept. 2, 2004).

In this case, Mr. Gimbrone has not submitted the proposed supplement to the amended complaint, nor has he described matters which have occurred since the filing of the amended complaint that would warrant such a supplement under F. R. Civ. P. 15(d).

Because Mr. Gimbrone has not made the Court aware of any transaction, occurrence, or event that happened after he filed the amended complaint, the Court cannot, on just terms, grant the motion to supplement. Consequently, Mr. Gimbrone's motion to supplement the amended complaint will be denied. (Doc. #42).

    C. <u>Motion for a Teleconference and Motion to Strike</u>

The Court next examines Mr. Gimbrone's motion for a teleconference. (Doc. #56). In the motion, Mr. Gimbrone seeks a teleconference "in an effort to avoid a motion to compel discovery" relating to an interrogatory concerning Ms. Higginbotham. (<u>Id.</u> at 1). Defendants filed a motion to strike the motion for a teleconference, alleging that Mr. Gimbrone has failed to comply with S.D. Ohio Civ. R. 37.1. (Doc. #59 at 2). Mr. Gimbrone filed a memorandum in opposition to the motion to strike. (Doc. #61).

S.D. Ohio Civ. R. 37.1, which supplements the procedures mandated by F. R. Civ. P. 37, provides that discovery-related motions shall not be filed unless all extrajudicial means to resolve the differences have been exhausted. Once such extrajudicial means are exhausted, a party may then seek an informal telephone conference with the Court. <u>See</u> <u>Watson v. Citi Corp.</u>, No. 2:07-cv-0777, 2008 WL 3890034, at *2 (S.D. Ohio Aug. 19, 2008). If, after the informal telephone conference, the dispute remains unresolved, the party seeking the discovery may then file a motion to compel pursuant to F. R. Civ. P. 37(a). <u>See</u> S.D. Ohio Civ. R. 37.2. The motion to compel shall be accompanied by a supporting memorandum and a certification informing the Court of the extrajudicial means that have been attempted to resolve the dispute. <u>See</u> <u>id.</u>

Here, it does not appear from the record that Mr. Gimbrone has complied with the procedural requirements of S.D. Ohio Civ. R. 37.1. Mr. Gimbrone may not seek a telephone conference absent

-5-

a showing that he has exhausted all extrajudicial means to resolve his differences with defendants.  Although Mr. Gimbrone attached a letter to his memorandum in opposition to defendants' motion to strike, it appears to be defendants' response to discovery and does not indicate that the parties have attempted to use extrajudicial means to resolve the dispute.  Because Mr. Gimbrone's request fails to demonstrate compliance with S.D. Ohio Civ. R. 37.1, it will be denied.  However, should he be unable to resolve the issue with defendants' counsel, he may, at that time, renew his request for an informal discovery conference.  Further, because Mr. Gimbrone's motion for a teleconference will be denied, the motion to strike will be denied as moot.

### D. Motion for Extension of Time

Finally, the Court considers Mr. Gimbrone's motion for an extension of time.  (Doc. #50).  In the motion, Mr. Gimbrone seeks a modification of this Court's July 19, 2012 scheduling order.  (Doc. #23).  Mr. Gimbrone seeks an extension of ninety days on the deadlines contained in the order because he is attempting to retain paid counsel and defendants' counsel have allegedly failed to cooperate with his discovery requests. (Doc. #50 at 1).  Defendants have opposed the motion (Doc. #52), and Mr. Gimbrone has filed a reply brief in support of the motion (Doc. #55).

F. R. Civ. P. 16(b)(4) provides that a schedule may be modified only upon a showing of good cause.  Although the Court has broad discretion to modify its own pretrial orders, it must be remembered that "adherence to reasonable deadlines is critical to maintaining integrity in court proceedings" and that "pretrial scheduling orders are the essential mechanism for cases becoming trial-ready in an efficient, just, and certain manner."  Shrieve v. DaimlerChrysler Corp., No. 2:05-CV-0446, 2006 WL 1526878, at *1 (S.D. Ohio May 31, 2006) (internal quotations and citations

omitted).  In determining whether the party seeking the extension has demonstrated good cause, the Court is mindful that "the party seeking an extension must show that despite due diligence it could not have reasonably met the scheduled deadlines."  Id.

In the scheduling order, this Court stated that no date "will be extended without a written motion which sets forth particular reasons why good cause exists to grant an extension." (Doc. #23 at 2).  The first of Mr. Gimbrone's reasons, that he is attempting to retain paid counsel, is vague.  As Mr. Gimbrone admits, he "has been looking for qualified legal counsel since the first day his Complaint was filed."  (Doc. #55 at 1). Without additional information, this Court is without reason to believe that extending the dates as requested would result in Mr. Gimbrone retaining counsel.  Consequently, this reason does not constitute good cause sufficient to extend the established deadlines.

The Court now considers Mr. Gimbrone's second reason for seeking the extension, namely the alleged lack of cooperation by defendants' counsel.  According to defendants, they have provided Mr. Gimbrone with more than 200 pages of documents during discovery.  Defendants contend that they have timely responded to all of Mr. Gimbrone's discovery requests.  Defendants further represent that:

> when Plaintiff and Defendants filed cross-motions to compel discovery, it was Defendants' counsel who arranged for a telephone conference with the Court . . . to expeditiously resolve the pending discovery issues.  When Defendants were ordered during that telephone conference to arrange for Plaintiff to again review his medical and mental health files, Defendants' counsel personally ensured that Plaintiff reviewed both files to his satisfaction . . . less than a week after the telephone conference, by personally traveling to Chillicothe Correctional Institution to oversee Plaintiff's tagging and copying of his records.  This occurred almost three months before the . . . discovery completion deadline.

(Doc. #42 at 3).  Mr. Gimbrone disagrees with defendants' representations and claims that they are denying him crucial discovery resulting in his inability "to locate, identify and subpoena witnesses."  (Doc. #55 at 1).

The discovery dispute generally referred to by Mr. Gimbrone is not presently before the Court for consideration.  As set forth above, S.D. Ohio Civ. R. 37.1, which supplements the procedures mandated by F. R. Civ. P. 37, governs the procedure for filing discovery-related motions.  There is no such motion before the Court.

In deciding whether to grant the requested extension, the Court must look to whether Mr. Gimbrone made a showing of good cause under F. R. Civ. P. 16(b)(4).  Ever mindful that adherence to reasonable deadlines is critical to maintaining integrity in court proceedings, the Court finds that Mr. Gimbrone has failed at this time to provide sufficient information to demonstrate good cause.  Consequently, Mr. Gimbrone's motion for an extension of time will be denied. (Doc. #50).  Again, however, should the Court conclude that there is a legitimate discovery dispute which cannot be resolved by the parties, and if the Court grants additional discovery, it will extend the time for completing discovery at that time because a showing of good cause would have been made.

### III. Conclusion

For the reasons set forth above, the motion to supplement the amended complaint (Doc. #42), the motion for an extension of time (Doc. #50), and the motion for a teleconference (Doc. #56) filed by Mr. Gimbrone are denied.  The motion to stay (Doc. #60) and the motion to strike (Doc. #59) filed by defendants are likewise denied.

/s/ Terence P. Kemp

United States Magistrate Judge