```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

Gregory Gimbrone,              :

       Plaintiff,       :    Case No. 2:12-cv-251

  v.                           :    JUDGE GREGORY L. FROST
                                                Magistrate Judge Kemp
Dr. Krisher, et al.,           :

       Defendants.      :

## REPORT AND RECOMMENDATION

This matter is before the Court to consider a motion for judgment on the pleadings filed by defendants the Ohio Department of Rehabilitation and Correction ("ODRC"), Dr. Krisher, Ms. Higginbotham, and Mr. Free (collectively "defendants"). (Doc. #65). For the reasons set forth below, it will be recommended that the motion for judgment on the pleadings be granted.

### I. Background

Plaintiff, Gregory Gimbrone, is a prisoner who resides at the Chillicothe Correctional Institution. (Doc. #19 at 2). On June 11, 2012, Mr. Gimbrone filed an amended complaint against defendants, alleging that they improperly denied him the use of a cane beginning in 2010. Id. at 3. More specifically, Mr. Gimbrone alleged that he suffers from foot problems as a result of the partial amputation of his right foot when he was fourteen (although the foot was subsequently reattached), and that he used a cane on a fairly consistent basis from 1999, when he was first incarcerated, until it was improperly taken from him in 2010. Id. Based upon these allegations, Mr. Gimbrone brings claims against defendants under 42 U.S.C. § 1983, the Americans with Disabilities Act (the "ADA") 42 U.S.C. § 12132, and state law. Id. at 2, 5-6. Mr. Gimbrone seeks restoration of the cane, as well as substantial monetary damages for the time he has spent

without it.  Id. at 7-8.

In the motion for judgment on the pleadings, defendants assert that Mr. Gimbrone's amended complaint should be dismissed for a number of reasons.  First, defendants claim that this action is barred by the Eleventh Amendment because defendants are state employees and a state department.  Second, defendants argue that Mr. Gimbrone fails to state a claim because ODRC is not a "person" within the meaning of §1983.  Third, defendants argue that Mr. Gimbrone fails to plead sufficient factual allegations to state a plausible constitutional violation against each defendant.  Fourth, defendants allege that they are immune from liability for any state law claims because Mr. Gimbrone did not first seek an immunity determination in the Ohio Court of Claims.  Fifth, defendants contend that Mr. Gimbrone failed to state a claim under the ADA because he does not allege that he has a disability as defined by the statute and the ADA does not provide for individual liability against defendants.

## II. Legal Standard

A motion for judgment on the pleadings attacks the sufficiency of the pleadings and is evaluated under the same standard as a motion to dismiss.  Amersbach v. City of Cleveland, 598 F.2d 1033, 1038 (6th Cir. 1979).  In ruling upon such a motion, the Court must accept as true all well-pleaded material allegations of the pleadings of the opposing party, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment.  Southern Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 479 F.2d 478, 480 (6th Cir. 1973).

The new pleading standards articulated in Ashcroft v. Iqbal, 556 U.S. 662 (2009) and Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) apply with equal force to motions for judgment on the pleadings.  See Schwab v. Smalls, No. 10-221-cv, 2011 WL 3156530,

at *1 (2d Cir. July 27, 2011). Those cases make clear that in order to survive such a motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Further, the Court must disregard statements of legal conclusions and look only to the well-pleaded facts of the complaint in order to determine its legal sufficiency. *Pro se* complaints are to be construed liberally in favor of the *pro se* party. See Haines v. Kerner, 404 U.S. 519, 520 (1972). It is with these standards in mind that the motion for judgment on the pleadings must be decided.

### III. Analysis

In examining the pending motion for judgment on the pleadings, the Court first will address Mr. Gimbrone's §1983 claims against the individual defendants in their official capacities and ODRC. Next, the Court will turn to the §1983 claims against defendants in their individual capacities. The Court then will examine Mr. Gimbrone's ADA claim. Finally, the Court will discuss Mr. Gimbrone's state law claims.

#### A. §1983 Claims Against Individual Defendants in Their Official Capacities and ODRC

The Eleventh Amendment to the United States Constitution bars suits against either a state or agencies of a state by citizens of that state. Edelman v. Jordan, 415 U.S. 651, 651 (1974). Under certain circumstances, a suit against an individual state official may nonetheless be deemed to be a suit against the state and therefore barred by the Eleventh Amendment. The primary test for determining whether the state is the real party in interest in a suit is whether the source of any funds from which a damage award would be paid would be the state treasury. Id. at 663. Additionally, if an individual is alleged to have only vicarious liability as a result of his official position, any damage award made (if one were permissible) would necessarily be against the office rather than the officeholder

and therefore be an award against the state.  See Hall v. Medical College of Ohio, 742 F.2d 299, 305 (6th Cir. 1984).  When a suit is barred by the Eleventh Amendment, the Court lacks jurisdiction over it and it must be dismissed without prejudice.  Cf. Gwinn Comm. Sch. v. Michigan, 741 F.2d 840, 846-47 (6th Cir. 1984).

   In his amended complaint, Mr. Gimbrone states that he filed the lawsuit against the individual defendants in their individual and "professional" capacities and against ODRC. (Doc. #19 at 5-6).  The claims against the individual defendants in their official capacities are deemed to be brought against the state.  Accordingly, Mr. Gimbrone's claims for relief against these defendants must be dismissed under the Eleventh Amendment.  Mr. Gimbrone's §1983 claim against the ODRC likewise fails because the ODRC is a state agency which is also immune from liability under the Eleventh Amendment.  See Carmichael v. Cleveland, 881 F. Supp. 2d 833, 844 (N.D. Ohio 2012); see also Stoutamire v. Department of Rehab. and Corr., No. 2:10-cv-645, 2011 WL 1233469, at *2 (N.D. Ohio Mar. 29, 2011)(finding that "the ODRC is a state agency of Ohio").  Further, the ODRC is not a "person" who can be held liable under §1983.  See id.; see also Stoutamire, 2011 WL 1233469, at *2 (finding that the ODRC "is immune from suit in federal court pursuant to the Eleventh Amendment and is not a person within the meaning of 42 U.S.C. §1983").  Consequently, the Court will recommend granting defendants' motion for judgment on the pleadings as to Mr. Gimbrone's claims against the individual defendants in their official capacities and ODRC.  The Eleventh Amendment immunity does not, however, bar Mr. Gimbrone's claims against the individual defendants in their individual capacities.  The Court now turns to those claims.

## B. §1983 Claims Against Individual Defendants in Their Individual Capacities

Defendants next argue that they are entitled to judgment on the pleadings as to Mr. Gimbrone's §1983 claims against them in their individual capacities. As to Ms. Higginbotham and Mr. Free, defendants argue that Mr. Gimbrone's allegations are insufficient to state a claim and should be dismissed. (Doc. #65 at 6). As to Dr. Krisher, defendants argue that Mr. Gimbrone's allegations "amount to a disagreement over treatment and do not establish liability under the Eighth Amendment." Id. at 10. The Court will examine defendants' arguments in turn.

### 1. §1983 Claim Against Ms. Higginbotham in her Individual Capacity

In the motion for judgment on the pleadings, defendants state that "the totality of Plaintiff's allegations against Defendant Higginbotham is that she met with Plaintiff after reviewing his medical records with Defendant Dr. Krisher, and relayed to Plaintiff that Dr. Krisher would not change his course of treatment." Id. at 9. Defendants argue that these allegations are insufficient to demonstrate that Ms. Higginbotham, through her own individual actions, violated the Constitution. Id. This Court agrees.

Contrary to defendants' contentions, it is unclear from the amended complaint whether Mr. Gimbrone is alleging that, upon a review of the records, Ms. Higginbotham and/or Dr. Krisher would do nothing to address Mr. Gimbrone's foot condition. The relevant sentence states that "[t]he Plaintiff met with Ms. Higginbotham several days later when she stated that her and Dr. Krisher would still do nothing concerning Plaintiff's pain and worsening condition of his foot." (Doc. #19 at 4.) Plaintiff made a handwritten insertion to the sentence just after the words "Dr. Krisher" which said "reviewed the records." Id.

Defendants argue that, by adding the insertion, Mr. Gimbrone intended for the sentence to state that "[t]he Plaintiff met with Ms. Higginbotham several days later when she stated that her and Dr. Krisher reviewed the records [Dr. Krisher] would still do nothing concerning Plaintiff's pain and worsening condition of his foot." (Doc. #65 at 8) (alteration in original). Giving appropriate consideration to Mr. Gimbrone's *pro se* status and under the relevant law, the Court construes Mr. Gimbrone's sentence broadly to allege that neither Ms. Higgonbotham nor Dr. Krisher would do anything to address Mr. Gimbrone's foot condition.

Even considering that broad construction, however, Mr. Gimbrone fails to plead sufficient factual allegations to state a claim. With respect to his §1983 claim, Mr. Gimbrone must "identify a right secured by the United States Constitution and the deprivation of that right by a person acting under color of state law." Russo v. Cincinnati, 953 F.2d 1036, 1042 (6th Cir. 1992). Mere "conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim." Harden-Bey v. Rutter, 524 F.3d 789, 796 (6th Cir. 2008) (quoting Lillard v. Shelby County Bd. of Educ., 76 F.3d 716, 726 (6th Cir. 1996)). Although Mr. Gimbrone believes that Ms. Higginbotham should have allowed him to retain his cane as treatment for his medical condition, "the Constitution does not guarantee to a prisoner the treatment of his choice." Blakely v. Moore, No. 5:12-cv-1214, 2013 WL 980412, at *2 (D.S.C. Mar. 12, 2013)(finding plaintiff failed to establish genuine issue of material fact as to whether doctor was deliberately indifferent to his serious medical need when doctor issued plaintiff a walker as a substitute for a walking cane). That is, "a prisoner's mere difference of opinion over matters of expert medical judgment or a course of medical treatment fails to rise to the level of a

constitutional violation." Id. (quoting Nelson v. Shuffman, 603 F.3d 439, 449 (8th Cir. 2010)). Further, non-medical prison officials, such as Ms. Higginbotham, who Mr. Gimbrone alleges is the health care administrator at the Chillicothe Correctional Institution, are not:

> considered deliberately indifferent simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor. If a prisoner is under the care of medical experts, a nonmedical prison official will generally be justified in believing that the prisoner is in capable hands.

Camp v. Overton, No. 10-281, 2011 WL 5188038, at *4 (W.D. Pa. Oct. 11, 2011). Under the pleading standards in Twombly and Iqbal, Mr. Gimbrone has not plead sufficient facts to set forth a claim against Ms. Higginbotham. Consequently, the Court will recommend granting defendants' motion for judgment on the pleadings as it applies to Mr. Gimbrone's §1983 claim against Ms. Higginbotham in her individual capacity.

### 2. §1983 Claim Against Mr. Free in his Individual Capacity

The Court now turns to Mr. Gimbrone's §1983 claim against Mr. Free in his individual capacity. In the amended complaint, Mr. Gimbrone alleges that he filed a grievance with Mr. Free, the Institutional Inspector/Americans with Disabilities Act Coordinator, and Mr. Free denied that grievance. (Doc. #19 at 4-5). The denial of a grievance is insufficient to give rise to §1983 liability. See Barnett v. Luttrell, 414 Fed. Appx. 784, 787 (6th Cir. 2011) (stating that "[p]rison officials are not liable under §1983 for denying or failing to act on grievances"); see also Alder v. Correctional Med. Servs., 73 Fed. Appx. 839, 841 (6th Cir. 2003) (finding that "[t]he mere denial of a prisoner's grievance states no claim of constitutional dimension"); Martin v. Harvey, 14 Fed. Appx. 307, 309 (6th Cir.

2001) (stating that "[t]he denial of the grievance is not the same as the denial of a request to receive medical care"). Further, to the extent that Mr. Gimbrone may have sued Mr. Free because of his position of authority, *respondeat superior* does not give rise to §1983 liability. See Monell v. Department of Soc. Servs., 436 U.S. 658, 658 (1978). Based upon the foregoing, the Court will recommended granting defendants' motion for judgment on the pleadings as it applies to Mr. Gimbrone's §1983 claim against Mr. Free in his individual capacity.

### 3. §1983 Claim Against Dr. Krisher in his Individual Capacity

The Court now examines Mr. Gimbrone's claim against Dr. Krisher. Because an Eighth Amendment medical claim must be premised on deliberate indifference, mere negligence by a prison doctor with respect to medical diagnosis or treatment is not actionable under 42 U.S.C. §1983. Estelle v. Gamble, 429 U.S. 97, 106 (1976). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Id.; see also Brooks v. Celeste, 39 F.3d 125 (6th Cir. 1994).

Although Mr. Gimbrone claims that Dr. Krisher did not examine him or provide him with medical treatment, the exhibits which Mr. Gimbrone incorporates into to the amended complaint demonstrate otherwise. In particular, Mr. Gimbrone incorporated exhibit D into the amended complaint, which was attached to his original complaint filed on March 21, 2012. (Doc. #2, Ex. 1 at 7). Exhibit D consists of a disposition of grievance dated December 28, 2011, which states that Mr. Gimbrone was "examined by CMO Dr. Krisher on 9-21-11 and he observed that [Mr. Gimbrone] walked without difficulty, but with a slight limp." Id. Mr.

-8-

Gimbrone also incorporated exhibit G into the amended complaint, which was attached to his original complaint. (Doc. #2, Ex. 1 at 10). Exhibit G is a decision of the chief inspector on a grievance appeal, which provides:

> I note that you were seen by Dr. Krisher on 9-22-11 related to your complaint of problems with ambulation related to your foot being amputated as a child, which was reattached. Dr. Krisher noted that you stated you complained of psoriasis in addition to the problems with the reattached foot and that it hurts to walk on the foot when it flares up. Dr. Krisher noted that you walk with a slight limp. He noted scars to your right foot with no skin lesions, tenderness, edema or warmth. His plan is noted as 'get records of cane need. Patient walks with slight limp but without difficulty. Ibuprofen/Tylenol when has outbreak. Concern for fungal infection discussed.'

Id. Consequently, the record reflects that Dr. Krisher examined Mr. Gimbrone and recommended over-the-counter medication, and not a cane, to treat Mr. Gimbrone's discomfort. Id.

"Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." Westlake v. Lucas, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Moreover, a difference of opinion between an inmate and prison physician as to the necessity and type of treatment required does not constitute deliberate indifference to the inmate's medical needs. See Owens v. Hutchinson, 79 Fed. Appx. 159, 161 (6th Cir. 2003). Rather, in order to give rise to a constitutional claim, the treatment rendered must be so woefully inadequate as to constitute no treatment at all. See Westlake, 537 F.2d at 860 n.5.

Here, the record reflects that Dr. Krisher provided Mr. Gimbrone with medical attention and that the care rendered was not so woefully inadequate as to amount to no treatment at all.

Mr. Gimbrone's disagreement with Dr. Krisher's decision does not give rise to a constitutional claim.  Consequently, the Court will recommend granting defendants' motion for judgment on the pleadings as to Mr. Gimbrone's §1983 claim against Dr. Krisher in his individual capacity.

### C. ADA Claim

Under Title II of the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. §12132.  As used in Title II of the ADA, "public entity" is defined as: "(A) any State or local government; (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government; and (C) the National Railroad Passenger Corporation, and any other commuter authority (as defined in section 24102(4) of Title 49)."  42 U.S.C. §12131.

Although the ADA applies to both federal and state prisons, see Mingus v. Butler, 591 F.3d 474, 482 (6th Cir. 2010), individual prison officials cannot be held individually liable under the ADA.  See Cox v. Jackson, 579 F. Supp. 2d 831, 850 (E.D. Mich. 2008) ("'Public entity' under the Act does not include an individual prison official, and thus plaintiff fails to state a claim against the individual defendants under the ADA").  As noted above, Mr. Gimbrone has sued defendants in their individual and official capacities.  Because Mr. Gimbrone may not bring an ADA claim against defendants in their individual capacities, it will be recommended that the motion for judgment on the pleadings be granted as to those claims.

Although the ODRC and a public official acting in his or her official capacity may be a proper defendant under an ADA Title II claim, see Carten v. Kent State Univ., 282 F.3d 391, 396-97 (6th

Cir. 2002), in order to state a claim, Mr. Gimbrone bears the burden of demonstrating that he is a qualified individual with a disability within the meaning of the statute and that he is being denied the benefits of a service, program, or activity by reason of his disability.  See Tucker v. Tennessee, 539 F.3d 526, 533 (6th Cir. 2008).  An individual is disabled under the ADA if he or she (1) has a physical impairment that substantially limits one or more of the major life activities, (2) has a record of such impairment, or (3) is regarded as having such an impairment. See Talley v. Family Dollar Stores of Ohio, Inc., 542 F.3d 1099, 1105 (6th Cir. 2008).

Defendants claim that they are entitled to judgment on the pleadings because Mr. Gimbrone "never alleges that the condition of his foot, which seems to be what he contends would qualify him under the ADA, limits one or more of his major life activities." (Doc. #65 at 15).  More specifically, defendants state that "[t]he only allegation Plaintiff makes relating to a disability designation is that he was placed on Social Security disability in 1993 or 1994 due to unspecified, chronic recurring psychological and physical problems, but this allegation is not sufficient to state a claim for relief under the ADA."  Id. (citation omitted).

Defendants are correct that "a disability determination by the Social Security Administration, even if substantiated, would not be controlling."  Thornton v. Federal Express Corp., 530 F.3d 451, 455 (6th Cir. 2008).  Further, "[m]erely having an impairment does not make one disabled for purposes of the ADA." Gerton v. Verizon South Inc., 145 Fed. Appx. 159, 164-65 (6th Cir. 2005).  Rather, in order to state a claim under the ADA, Mr. Gimbrone must allege that his physical impairment substantially limits one or more of his major life functions, such as caring for himself, performing manual tasks, walking, seeing, hearing, speaking, breathing, and learning.  See id.

The Court is willing to give Mr. Gimbrone the benefit of the

doubt and find that he has pleaded facts supporting his claimed disability, which affects his ability to walk.  However, even assuming that Mr. Gimbrone's amended complaint is construed to allege that he was disabled under the ADA, he fails to allege that he was denied the benefit of a service, program, or activity "solely" by reason of the disability.  See <u>Sandison v. Michigan High Sch. Athletic Ass'n, Inc.</u>, 64 F.3d 1026, 1036 (6th Cir. 1995).  Stated another way, Mr. Gimbrone fails to plead facts from which it is plausible to conclude that his cane was confiscated and not replaced due to his disability.  Mr. Gimbrone also fails to allege that the denial of a cane has precluded his participation in prison programs or other activities.  Instead, Mr. Gimbrone's claim focuses on the denial of access to equipment, namely a cane, that he claims entitlement to by reason of a disability.  These allegations alone do not give rise to an ADA claim.  Medical treatment decisions, or alleged medical malpractice, cannot form the basis of a claim under the ADA.  See <u>Baldridge-El v. Gundy</u>, No. 99-2387, 2000 WL 1721014, at *2 (6th Cir. Nov. 8, 2000)(stating that the plaintiff's ADA claim fails because the ADA does not "provide a cause of action for medical malpractice"); <u>see also</u> <u>Burger v. Bloomberg</u>, 418 F.3d 882, 883 (8th Cir. 2005) ("A lawsuit under [the ADA] cannot be based on medical treatment decisions"); <u>Bryant v. Madigan</u>, 84 F.3d 246, 249 (7th Cir. 1996)(recognizing that "the ADA does not create a remedy for medical malpractice").  Consequently, this Court will also recommend that defendants' motion be granted on the ADA claim.

### D. <u>State Law Claims</u>

Last, the Court turns to any claims arising under state law. Mr. Gimbrone's amended complaint contains a statement of jurisdiction which asserts that this Court has jurisdiction over pendent state law claims.  (Doc. #19 at 2).  Despite including state law claims in the statement of jurisdiction, no such claims appear elsewhere in the complaint.

Defendants argue, inter alia, that any state law claims that Mr. Gimbrone would propose to assert are not actionable here. This Court agrees.  The Eleventh Amendment precludes the assertion of state law claims against the state and state actors in federal courts.  See Jones v. Swank, No. 2:11-cv-797, 2012 WL 4107981, at *8 (S.D. Ohio Sept. 19, 2012) (stating that "[t]he ODRC is an arm of the State of Ohio and is immune from suit in federal court under the Eleventh Amendment"); Powell v. Morris, 184 F.R.D. 591, 597 (S.D. Ohio 1998)(finding that "[t]he Eleventh Amendment precludes the assertion of pendent [now supplemental] state law claims against state actors in federal courts"). Further, under O.R.C. §9.86 no such claims may be maintained against state officials in their individual capacities unless and until it has been determined that those officials acted manifestly outside the scope of their employment.  That determination cannot be made by a federal court; rather, it is reserved for the Ohio Court of Claims under O.R.C. §2743.02(F). See Griffin v. Kyle, No. 2:10-cv-664, 2011 WL 2885007, at *3 (S.D. Ohio July 15, 2011).  As this Court explained in Nuovo v. The Ohio State University, 726 F. Supp.2d 829, 848 (S.D. Ohio 2010)(Frost, J.),

> as another judicial officer has recognized, "[t]he Sixth Circuit has read §§9.86 and 2743.02(F) together to hold that a state employee is immune from state law claims until the Court of Claims has held that §9.86 immunity is unavailable." Prior v. Mukasey, No. 3:08CV994, 2008 WL 5076821, at *2 (N.D. Ohio Nov. 21, 2008).  This means that, "[u]ntil the Ohio Court of Claims determines that [defendants] are not immune, there is no cause of action cognizable under Ohio law over which the district court can assert jurisdiction.   Id. (quoting Haynes v. Marshall, 887 F.2d 700, 705 (6th Cir. 1989)).

Accordingly, this Court will recommend that the motion for judgment on the pleadings be granted as to any claims arising under state law.

## IV. Conclusion

For the reasons set forth above, it is recommended that the

-13-

motion for judgment on the pleadings be granted.  (Doc. #65).

<u>PROCEDURE ON OBJECTIONS</u>

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  <u>See</u> <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir. 1981).

/s/ Terence P. Kemp
United States Magistrate Judge